[Civ. No. 4094. Third Appellate District.—May 13, 1930.]

SAM LEVIN, Respondent, v. WILLIAM I. TRAEGER, Sheriff, etc., Appellant.

Everett W. Mattoon, County Counsel, and Rupert B. Turnbull, for Appellant.

E. J. Peers and Alfred Kehde for Respondent.

FINCH, P. J.—The plaintiff brought this action to recover the value of 1,030 hens alleged to have been converted

by the defendant and disposed of to his own use. The answer denies the allegations of the complaint and alleges, among other things, that, while the defendant held possession of 2,000 hens as sheriff, "the plaintiff herein claimed to be the owner of a portion only thereof, and at that time demanded of and from this defendant, the portion thereof claimed by the plaintiff; that thereupon this defendant offered to release and deliver to the plaintiff the portion thereof claimed by the plaintiff, to-wit: 1030 white leghorn hens." Judgment was entered in favor of the plaintiff and the defendant has appealed therefrom.

At the time referred to in the answer the defendant had seized and was holding possession of the property in an action in claim and delivery. ■ The only ground urged for a reversal of the judgment is that the plaintiff's claim of ownership of the property and his demand for possession thereof did not comply with the provisions of section 519 of the Code of Civil Procedure. The evidence does not show the character of the claim and demand made by the plaintiff, but at the trial, when the plaintiff was proceeding to make proof thereof, counsel for the defendant said: "I stipulate that he made demand on the Sheriff for the property prior to the 14th day of June, 1926." The plaintiff thereupon dropped the subject and made no further effort to prove the making of a claim and demand. It must be presumed on appeal that the claim and demand alleged in the answer and the demand referred to in the stipulation complied with the provisions of section 519 of the Code of Civil Procedure and were sufficient. Either the defendant intended the stipulation to mean that a legal demand was made or he was trifling with the trial court, and it is not to be presumed that he made the stipulation in bad faith.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.